# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER PERSON,

    Plaintiff,

  v.

SCOTT JONES, et al.,

    Defendants.

No.  2:21-CV-1522-WBS-DMC-P

ORDER

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel. ECF No. 17.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017.  Neither factor is

dispositive, and both must be viewed together before reaching a decision. See id. In Terrell, the United States Court of Appeals for the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

Here, Plaintiff contends that he requires counsel because "Plaintiff is unable to afford counsel," "Imprisonment will greatly limit his ability to litigate," and "counsel would better enable Plaintiff to present evidence and cross-examine witnesses." ECF No. 17.  Plaintiff has not established the required exceptional circumstances.  A review of the docket indicates that Plaintiff has been able to articulate his claims on his own.  He has filed complaints, motions and oppositions and has adequately followed deadlines.  Furthermore, at this stage of the case, the Court cannot say that Plaintiff has established a particular likelihood of success on the merits since the inmates were given masks and Plaintiff could not prove deliberate indifference from Defendants.  Finally, Plaintiff alleges fairly straightforward constitutional violations, including Eighth Amendment cruel and unusual punishment.  The factual and legal issues involved in this case are thus not unusually complex.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for appointment of counsel, ECF No. 17, is denied.

Dated:  June 3, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE