1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   WALTER PERSON,                          No.  2:21-CV-1522-WBS-DMC-P

12                Plaintiff,

13        v.                                 <u>FINDINGS AND RECOMMENDATIONS</u>

14   SCOTT JONES, et al.,

15                Defendants.

16

17           Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42

18   U.S.C. § 1983.  Pending before the Court is Defendants' motion to dismiss.  <u>See</u> ECF No. 18.

19   Defendants have filed a request for judicial notice in support of their motion.  <u>See</u> ECF No. 18-2.

20   Plaintiff has filed an opposition.  <u>See</u> ECF No. 19.  Defendants have filed a reply.  <u>See</u> ECF No.

21   20.

22           In considering a motion to dismiss, the Court must accept all allegations of

23   material fact in the complaint as true.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007).  The

24   Court must also construe the alleged facts in the light most favorable to the plaintiff.  <u>See</u> <u>Scheuer</u>

25   <u>v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>see also</u> <u>Hosp. Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S.

26   738, 740 (1976); <u>Barnett v. Centoni</u>, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

27   ambiguities or doubts must also be resolved in the plaintiff's favor.  <u>See</u> <u>Jenkins v. McKeithen</u>,

28   395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

1

1  factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

2  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

3  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

4          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

5  of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair

6  notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly,

7  550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order

8  to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain

9  more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

10  allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The

11  complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id.  at

12  570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

13  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

14  Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but

15  it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting

16  Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a

17  defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement

18  to relief." Id. (quoting Twombly, 550 U.S. at 557).

19          In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials

20  outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

21  Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1)

22  documents whose contents are alleged in or attached to the complaint and whose authenticity no

23  party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

24  and upon which the complaint necessarily relies, but which are not attached to the complaint, see

25  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

26  of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

27  1994).

28  / / /

2

1      Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

2  amendment can cure the defects."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

3  curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

4

5                                **I. PLAINTIFF'S ALLEGATIONS**

6      Plaintiff, a prisoner pro se, brings this civil rights action pursuant to 42 U.S.C. §

7  1983.  This action proceeds Plaintiff's second amended complaint.  Plaintiff names two

8  defendants:  Scott Jones and Reema Singh.  ECF No. 16, pg. 1.  Specifically, Plaintiff alleges that

9  Defendants Scott Jones and Reema Singh violated his Eighth Amendment and Fourteenth

10 Amendment rights.  Id. at 2.  Plaintiff alleges the following:

11          Scott Jones oversees the operation of Rio Consumes Correctional Center
            ran by the Sac Sheriff Dept.  He has overall responsibility to oversee
12          coordination screening and management operations.  To oversee policies
            and procedures for custodial operations to prevent disease transmission.
13          Which failed miserably.  Mr. Jones failed to comply with the remedal plan
            and medical consent decree implemented by the courts (Mays v
14          Sacramento). Failed to train inmates and staff and non compliance to
            covid-19 guidance documents.  Mr. Jones and staff did not adhere to
15          Covid-19 procedures showing willful disregard and deliberate indifference
            which resulted in thousands of infections causing unnecessary harm and
16          death to inmates.  The Sacramento Main Jail was expierencing a outbreak
            of covid-19 and jail overcrowding.  The inmates faced a unique
17          vulnerability to covid-19 by virtue of the dangerous conditions in which
            they were confined.  The inmates incarcerated in the jail have disabilities
18          and chronic health conditions at rates significantly higher then general
            population.  The issue was public knowledge thru news channels and
19          Sacramento Bee.  The Sheriff dept and medical were well aware of the
            situation. After new transfers arrived me and 60 other inmates contracted
20          covid.  The module was unsanitary, overcrowded, poor ventilation, no 6-ft
            distancing, no hand sanitizer or the proper detergents and solutions to
21          properly combat the virus.  No access to fresh masks or the proper N95
            masks to protect inmates from disease transmission.  Multiple attempts to
22          resolve issues at administrative level.  Citizen complaint # 2021 PSD-0164
            with response by Scott Jones and Matt Tomayo. Administrative and
23          medical grievances.  Complaints to medical board # 8002021083942.
            Reema Singh is employed at Rio Consumes Correctional Center as the
24          Infection Prevention Coordinator.  Her job is to oversee the prevention and
            management of covid 19, To impose the new demands upon the county
25          related to covid-19 protocols, detainee screening, testing, quarantine,
            monitoring and disease outbreak management.  The facility has serious
26          systemic issues such as but not limited too: 1) inadequate policies, 2) lack
            of adequate health care staffing, 3) poor nursing and medical quality of
27          care, 4) Poor communication.  Reema Singh failed to comply to the
            remidial plan and medical consent decree implemented by the courts.  She
28          delayed medical care because we were inmates, then the delayed medical

                                            3

care provided was so grossly incompetent, inadequate and excessive it was a shock to the conscience and intolerable to fundamental fairness.  Inmate Chris Gilmore was transferred after his positive covid test 8 days without quarantine or treatment.  Medical staff cleared his transfer due to overcrowding.  The pod officers were made aware of the issue and failed to act.  I was infected shortly after None of us were properly treated.  The treatment provided was so cursory as to the amount to no treatment at all. I am still suffering from long-haul covid symptoms of but not limited to: Abnormal heartbeat, fatigue, belly pain, skin rashes, shortness of breath, dizziness.  Now we are left to live with the psychological and physical effects of this virus.

Id. at 2-5 (errors in original).

For legal theories of liability arising from these alleged facts, Plaintiff lists: "Eighth Amendment cruel and unusual punishment; Fourteenth Amendment due process clause; Equal protection." Id. at 2.

## II.  DISCUSSION

In their motion to dismiss, Defendants argue: (1) Plaintiff's claims do not arise under the Eighth Amendment because he was a pre-trial detainee at the time of the incident; (2) Plaintiff cannot sustain an equal protection claim because he does not belong to a suspect class and he has not alleged a discriminatory policy; (3) Plaintiff cannot sustain a claim under the Fourteenth Amendment because he does not allege facts to show unreasonable measures or a disregard of a risk of harm; and (4) Plaintiff fails to plead sufficient facts to establish the supervisory liability of Sheriff Jones.

### A.    Conditions of Confinement

Defendants' first and third arguments are related in that they challenge Plaintiff's conditions-of-confinement claims.  Defendants argue that Plaintiff cannot proceed under the Eighth Amendment because he was a pretrial detainee at the time of the events alleged in the complaint.  Defendants also argue that, to the extent Plaintiff asserts claims under the Fourteenth Amendment, the complaint fails to allege sufficient facts.  For the reasons discussed below, the Court agrees.

/ / /

/ / /

4

1    Eighth Amendment protections apply only once a prisoner has been convicted of a

2    crime, while pretrial detainees are entitled to the potentially more expansive protections of the

3    Due Process Clause of the Fourteenth Amendment." Mendiola-Martinez v. Arpaio, 836 F.3d

4    1239, 1246 (9th Cir. 2016); see also Byrd v. Maricopa Cnty. Bd. of Supervisors, 845 F.3d 919,

5    924 (9th Cir. 2017) ("The Fourteenth Amendment, and not the Eighth Amendment, governs cruel

6    and unusual punishment claims of pretrial detainees."). While the Eighth Amendment standard to

7    prove deliberate indifference is clear (the official must have a subjective awareness of the risk of

8    harm), the deliberate indifference standard under the Fourteenth Amendment is less clear. See

9    Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1069 (9th Cir. 2016). In Castro, the Ninth Circuit

10   addressed the Supreme Court's decision in Kingsley v. Hendrickson, 576 U.S. 389 (2015), which

11   applied an *objective* deliberate indifference standard to the excessive force claim of a pretrial

12   detainee. Castro, 833 F.3d at 1068–70. As explained in Castro, Kingsley "rejected the notion that

13   there exists a single 'deliberate indifference' standard applicable to *all* § 1983 claims, whether

14   brought by pretrial detainees or by convicted prisoners." Castro, 833 F.3d at 1069 (recognizing

15   that Kingsley did not limit its holding to "force," and applying objective standard to "failure-to-

16   protect" claim of pretrial detainee, overruling prior precedent that identified a single deliberate

17   indifference standard for all § 1983 claims).

18   "[P]retrial detainees … possess greater constitutional rights than prisoners." Stone

19   v. City of San Francisco, 968 F.2d 850, 857 n.10 (9th Cir. 1992); see also Mendiola-Martinez v.

20   Arpaio, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) ("Eighth Amendment protections apply only

21   once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the

22   potentially more expansive protections of the Due Process Clause of the Fourteenth

23   Amendment."); Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987). "Pretrial detainees,

24   whether or not they have been declared unfit to proceed, have not been convicted of any crime.

25   Therefore, constitutional questions regarding the circumstances of their confinement are properly

26   addressed under the due process clause of the Fourteenth Amendment." Trueblood v. Washington

27   State Dep't of Soc. & Health Servs., 822 F.3d 1037, 1043 (9th Cir. 2016) (internal quotation

28   mark, alterations, and citations omitted).

A pretrial detainee who brings an inadequate medical care claim in a § 1983 action must prove, pursuant to objective reasonableness standard, more than negligence but less than subjective intent, which is something akin to reckless disregard. Russell v. Lumitap, 31 F.4th at 738–39. The required elements are: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. See Gordon v. County of Orange, 888 F.3d 1118, 1124 (9th Cir. 2018).

In support of their motion to dismiss, Defendants ask the Court to take judicial notice of the docket sheet for Plaintiff's state court criminal proceedings which indicate that, at the time he initiated this action and during the times alleged in the original complaint, Plaintiff was a pretrial detainee. See ECF No. 18-2. The Court will recommend that Defendants' request for judicial notice be granted.

Because Plaintiff complains about events which occurred while he was a pretrial detainee, the Court agrees with Defendants that Plaintiff's claims properly proceed under the Fourteenth Amendment and not the Eighth Amendment. To the substantive elements of a conditions-of-confinement claim under the Fourteenth Amendment, Defendant argue:

> In this case, plaintiff alleges an inmate infected with COVID-19 transferred to RCCC [Rio Consumes Correctional Center]. ECF No. 16 at 3, 4. He alleges that after "new transfers arrived [he] and 60 other inmates contracted Covid." Id. at 3, lines 16–17. Plaintiff does not allege any facts that he was exposed to this infected inmate or other infected transferees, however. He does not allege other transferees infected with COVID rather than the one transferee infected him, or whether they had quarantined or treated. Plaintiff does not dispute whether others at RCCC already had COVID prior to any transfers. In addition, plaintiff alleges inmates have disabilities or chronic health conditions at rates higher than the general population. ECF No. 16 at 3, lines 10–13. But he does not allege facts as to his own disability or chronic health condition that would have posed a health threat if he had contracted COVID. He also does not allege that any defendant knew of any such concern about him.
>
> ECF No. 18-1, pg. 6.

6

1   Defendants' argument is persuasive.  Specifically, Plaintiff has not alleged that

2   Defendants made an intentional decision relating to Plaintiff's conditions of confinement, that

3   such decisions placed Plaintiff at substantial risk of harm, or that Defendants failed to take steps

4   to avoid a substantial risk.  Plaintiff should be provided an opportunity to amend to allege facts

5   which would establish each of the elements of a claim under the Fourteenth Amendment.

6   **B.      Equal Protection**

7   Equal protection claims arise when a charge is made that similarly situated

8   individuals are treated differently without a rational relationship to a legitimate state purpose.  See

9   San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  Prisoners are protected from

10   invidious discrimination based on race.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

11   Racial segregation is unconstitutional within prisons save for the necessities of prison security

12   and discipline.  See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam).  Prisoners are also

13   protected from intentional discrimination on the basis of their religion.  See Freeman v. Arpaio,

14   125 F.3d 732, 737 (9th Cir. 1997).  Equal protection claims are not necessarily limited to racial

15   and religious discrimination.  See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir.

16   2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the

17   disabled do not constitute a suspect class); see also Tatum v. Pliler, 2007 WL 1720165 (E.D. Cal.

18   2007) (applying minimal scrutiny to equal protection claim based on denial of in-cell meals

19   where no allegation of race-based discrimination was made); Harrison v. Kernan, 971 F.3d 1069

20   (9th Cir. 2020) (applying intermediate scrutiny to claim of discrimination on the basis of gender).

21   In order to state a § 1983 claim based on a violation of the Equal Protection Clause

22   of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional

23   discrimination against plaintiff, or against a class of inmates which included plaintiff, and that

24   such conduct did not relate to a legitimate penological purpose.  See Village of Willowbrook v.

25   Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class

26   of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v.

27   Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940

28   F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

1    Here, Defendants argue Plaintiff cannot maintain an Equal Protection Clause claim

2    because Plaintiff does not belong to a suspect class.  ECF No. 18-1, pg. 4-5.  While Plaintiff

3    alleges that Defendant Singh delayed providing him medical care based on his inmate status, the

4    Court agrees with Defendants that Plaintiff lacks the required membership in a protected class.

5    ECF No. 16, pg. 4.  The Court does not find Plaintiff has pleaded sufficient facts demonstrating

6    Defendant Singh acted with intentional discrimination.  Additionally, Plaintiff does not allege that

7    he is a member of a suspect classification under the Equal Protection Clause.  Plaintiff should be

8    provided an opportunity to amend to the extent he can allege facts to show that he is a member of

9    a suspect class and that he experienced intentional discrimination as a result of membership in a

10   suspect class.

11       **C.**    **Supervisory Liability**

12   Supervisory personnel are generally not liable under § 1983 for the actions of their

13   employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no

14   respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional

15   violations of subordinates if the supervisor participated in or directed the violations.  See id.  The

16   Supreme Court has rejected the notion that a supervisory defendant can be liable based on

17   knowledge and acquiescence in a subordinate's unconstitutional conduct because government

18   officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct

19   and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory

20   personnel who implement a policy so deficient that the policy itself is a repudiation of

21   constitutional rights and the moving force behind a constitutional violation may, however, be

22   liable even where such personnel do not overtly participate in the offensive act.  See Redman v.

23   Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

24   When a defendant holds a supervisory position, the causal link between such

25   defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v.

26   Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

27   1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in

28   civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution."  Iqbal, 662 U.S. at 676.

    In Plaintiff's second amended complaint, Plaintiff sufficiently alleges facts that Defendant Jones held a supervisory position.  ECF No. 16, pg. 2.  However, Plaintiff does not allege facts to demonstrate a causal link between Defendant Jones and the Plaintiff's receipt of inadequate medical attention.  Plaintiff's allegations are conclusory and fail to establish Defendant Jones was part of or directed the medical staff's actions.  Again, Plaintiff should be provided leave to amend.

## III.  CONCLUSION

    Based on the foregoing, the undersigned recommends that:

    1.  Defendants' request for judicial notice, ECF No. 18-2, be granted;

    2.  Defendants' motion to dismiss, ECF No. 18, be granted;

    3.  Plaintiff's second amended complaint be dismissed with leave to amend.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 8, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE