1

2

3

4

5

6

7

8                **IN THE UNITED STATES DISTRICT COURT**

9                **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   WALTER PERSON,                          No.  2:21-CV-01522-WBS-DMC

12                Plaintiff,

13        v.                                  FINDINGS AND RECOMMENDATIONS

14   SCOTT JONES, et al.,

15                Defendants.

16

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42

18   U.S.C. § 1983. Pending before the Court is Defendants' unopposed motion to dismiss Plaintiff's

19   third amended complaint, ECF No. 32.

20            In considering a motion to dismiss, the Court must accept all allegations of

21   material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The

22   Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer

23   v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S.

24   738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All

25   ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen,

26   395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual

27   factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

28   In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

1

1  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

2     Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

3  of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair

4  notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly,

5  550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order

6  to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain

7  more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

8  allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The

9  complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at

10  570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

11  to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal,

12  129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks

13  for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly,

14  550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's

15  liability, it 'stops short of the line between possibility and plausibility for entitlement to relief."

16  Id. (quoting Twombly, 550 U.S. at 557).

17     In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials

18  outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

19  Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1)

20  documents whose contents are alleged in or attached to the complaint and whose authenticity no

21  party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

22  and upon which the complaint necessarily relies, but which are not attached to the complaint, see

23  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

24  of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

25  1994).

26  / / /

27  / / /

28  / / /

2

Furthermore, "the Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants. It is settled that the allegations of [a pro se litigant's complaint] however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citation and internal quotation marks omitted; brackets in original). The rule, however, "applies only to a plaintiff's factual allegations." See Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" See Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. BACKGROUND

### A.   Procedural History

Plaintiff initiated this action with a complaint filed on August 25, 2021.  See ECF No. 1.  Plaintiff filed a first amended complaint as of right on September 13, 2021.  See ECF No. 5.  On December 1, 2021, the Court determined that the first amended complaint was appropriate for service.  See ECF No. 7.  Pursuant to the stipulation of the parties, Plaintiff filed a second amended complaint on April 12, 2022.  See ECF No. 16.  Defendants filed a motion to dismiss the second amended complaint on May 11, 2022.  See ECF No. 18.  On February 8, 2023, the Court issued findings and recommendations that Defendants' motion to dismiss be granted and that Plaintiff be provided leave to amend.  See ECF No. 27.

Plaintiff filed his third amended complaint prematurely on February 21, 2023.  See ECF No. 28.  On March 27, 2023, the District Judge adopted the findings and recommendations in full and deemed the third amended complaint filed on February 21, 2023, to be the operative complaint.  See ECF No. 31.  Defendants were ordered to file a response to the third amended complaint within 230 days.  See id.  The currently pending unopposed motion ensued.  See ECF

1   No. 32.

2       **B.**      <u>**Plaintiff's Allegations**</u>

3           This action now proceeds on Plaintiff's third amended complaint ("TAC").

4   Plaintiff names the following as defendants: (1) Scott Jones, Sacramento County Sheriff; and (2)

5   Reema Singh, Sacramento County Correctional Health Services. Plaintiff generally alleges that

6   Defendants' conduct in failing to mitigate the spread of COVID-19 and provide adequate medical

7   care violated his rights under the Eighth and Fourteenth Amendment. <u>See generally</u> ECF No. 28.

8   Plaintiff also alleges that Defendant Singh provided delayed medical care due to his status as an

9   inmate in violation of the Equal Protection clause of the Fourteenth Amendment. <u>See</u> ECF No.

10  28, pg. 5.

11          During the relevant time period, Plaintiff was a pre-trial detainee at the Rio

12  Cosumnes Correctional Center ("RCCC"). <u>See</u> ECF No. 28, pg. 1. Plaintiff alleges that, while

13  incarcerated, detainees were forced "…to live in dorms within close proximity too [sic] infected

14  detainees. <u>See</u> <u>id.</u>, pg. 2. Plaintiff further alleges that he and other detainees "…faced a unique

15  vulnerability to COVID by virtue of dangerous conditions in which they were confined, forcing

16  detainees to live in unhealthy, unsanitary, dangerous, and offensive conditions." <u>Id.</u> Plaintiff

17  states that because of overcrowding in the Sacramento Main Jail, a COVID-positive inmate was

18  transferred to RCCC without treatment or quarantine. <u>See</u> <u>id.</u>, pg. 3. Plaintiff contends that prior

19  to the inmate's transfer, all inmates tested negative for COVID. <u>See</u> <u>id.</u>, pg. 4. However, Plaintiff

20  states that following the transfer he and sixty other inmates caught COVID. <u>See</u> <u>id.</u>

21          Plaintiff states that Defendant Jones "is the official who sets policies or lack of

22  policy…[and] oversees procedures for custodial operations to prevent disease transmission." <u>See</u>

23  ECF No. 28, pg. 1. Plaintiff contends that Defendant Jones failed to comply with the "remedial

24  plan and medical consent decree issued by the courts" and failed to train inmates and staff on

25  COVID-19 procedures. <u>See</u> <u>id.</u>, pg. 2.

26  / / /

27  / / /

28  / / /

Plaintiff also alleges that Defendant Singh "…failed to comply with the remedial plan and medical consent decree implemented by the courts." <u>See</u> ECF No. 28, pg. 5. Plaintiff further alleges that Defendant Singh failed to take remedial action, and delayed medical care because Plaintiff was an inmate. <u>See id.</u> Plaintiff also states that the treatment provided was grossly inadequate. <u>See id.</u>

Plaintiff's TAC does not state a demand for relief. <u>See</u> ECF No. 28.

## II.  DISCUSSION

In their motion to dismiss, Defendants argue: (1) Plaintiff's TAC fails to comply with Rule 8 of the Federal Rules of Civil Procedure; (2) Plaintiff fails to plead sufficient facts to sustain a conditions-of-confinement claim under the Fourteenth Amendment; (3) Plaintiff's TAC does not allege sufficient facts to establish an Equal Protection claim, and (4) Plaintiff fails to allege a causal connection between Defendant Jones, as supervisory defendant, and a cognizable constitutional violation. <u>See</u> ECF No. 32-1, pgs. 1-7.  The Court notes that these are the same arguments raised and addressed in Defendants' prior motion to dismiss the second amended complaint, which was granted.

For the reasons discussed below, the Court finds Defendants' arguments to be persuasive with respect to the TAC and recommends that this action now be dismissed for failure to state a claim and without further leave to amend.

### A.    <u>Rule 8</u>

Defendants argue that Plaintiff's TAC fails to comply with the requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. <u>See</u> ECF No. 32-1, pg. 3. Specifically, Defendants contend:

> The failure to expressly set forth any claims makes it burdensome to determine what if any facts have been added to each claim to address the second amended complaint's deficiencies noted by the Court in the Findings and Recommendations…Moreover the pleading "must" contain "a demand for the relief sought." Fed.R.Civ.P. 8(a)(3). The TAC is not only devoid of any claims but also fails to identify what relief Plaintiff is seeking.

ECF No. 32-1, pg. 4.

5

1          To the extent Defendants are arguing that Plaintiff fails to provide sufficient facts

2   to establish a plausible claim for relief as to the Fourteenth Amendment, Equal Protection, and

3   supervisory liability claims, the Court will address those arguments below. With respect to

4   Plaintiff's demand for relief, the Court agrees that Plaintiff has failed to comply with Rule 8(a)(3)

5   of the Federal Rules of Civil Procedure, requiring that a complaint contained a demand for relief.

6   See Fed. R. Civ. P. 8(a)(3).

7        **B.**    **Sufficiency of Plaintiff's Allegations**

8          Defendants argue that Plaintiff's TAC fails to allege sufficient facts to sustain

9   either of his substantive claims based on the conditions of his confinement and discrimination.

10        1.    Conditions-of -Confinement

11          A prison official violates the Fourteenth Amendment rights of a pre-trial detainee

12   such as Plaintiff was at the times relevant here if their actions are "objectively unreasonable." See

13   Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015) (the court held there was no subjective

14   requirement for a Fourteenth Amendment claim of excessive force). This objective standard

15   extends to other Fourteenth Amendment claims by detainees. See Castro v. Cnty. of Los Angeles,

16   833 F.3d 1060, 1070 (9th Cir. 2016) (the court held the objective standard established by

17   Kingsley extended to failure-to-protect claims). While Kingsley only specifically regarded

18   excessive force claims and Castro only specifically regarded failure-to-protect claims, Gordon v.

19   Cnty. of Orange held that "logic dictates extending the objective deliberative indifference

20   standard articulated in Castro to medical care claims." See Gordon v. Cnty. of Orange, 888 F.3d

21   1118, 1124 (9th Cir. 2018). This Court notes that "in Wilson v. Seiter, the Supreme Court saw 'no

22   significant distinction between claims alleging inadequate medical care and those alleging

23   inadequate 'conditions of confinement.' Indeed, the medical care a prisoner receives is just as

24   much a 'condition' of his confinement as ... the protection he is afforded against other inmates.'"

25   See Gordon, 888 F.3d 1118 at 1124 (citing Wilson v. Seiter, 501 U.S. 294, 303 (1991)).

26   / / /

27   / / /

28   / / /

6

1         A pretrial detainee who brings an inadequate medical care or conditions-of-

2 confinement claim in a § 1983 action must prove, pursuant to objective reasonableness standard,

3 more than negligence but less than subjective intent, which is something akin to reckless

4 disregard. Russell v. Lumitap, 31 F.4th at 738–39. The required elements are: (1) the defendant

5 made an intentional decision with respect to the conditions under which the plaintiff was

6 confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the

7 defendant did not take reasonable available measures to abate that risk, even though a reasonable

8 official in the circumstances would have appreciated the high degree of risk involved—making

9 the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the

10 defendant caused the plaintiff's injuries. See Gordon v. County of Orange, 888 F.3d 1118, 1124

11 (9th Cir. 2018).

12         Regarding the substantive elements of a conditions-of-confinement claim under

13 the Fourteenth Amendment, Defendants contend:

14           . . .[N]one of Plaintiff's allegations in the TAC indicates that
Defendant Jones made an intentional decision which resulted in Plaintiff
15           contracting Covid-19. Defendant Jones did not allegedly house Plaintiff
with the sick transferee, and no allegations suggest that Scott Jones was
16           aware of these particular inmates or their housing assignments within the
Sacramento Sheriff's Department custody.
17

18           ECF No. 32-1, pg. 5.

19 With respect to Defendant Singh, Defendants argue that Plaintiff's TAC fails to provide sufficient

20 facts to establish that Defendant Singh made an intentional decision relating to Plaintiff's

21 treatment or care. See id., pg. 5.

22         The Court agrees. Plaintiff generally alleges that there was an excessive risk to

23 inmate health and safety at RCCC due to overcrowding, the transfer of a COVID-positive

24 detainee, unsanitary conditions, and inadequate medical care. See generally ECF No. 28.  The

25 transmissibility of the COVID-19 virus in conjunction with the described living conditions are

26 sufficient to demonstrate a substantial risk of serious harm. However, Plaintiff fails to allege

27 specific facts showing that Defendant Jones or Singh made an intentional decision that led to the

28 conditions under which Plaintiff was confined. Plaintiff's general contention that Defendants

1   were responsible for overseeing and following COVID procedures and guidelines is not sufficient

2   to constitute an intentional decision under the Gordon standard. See Williams v. Dirkse, 2021 WL

3   2227636 (E.D. Cal. 2021), report and recommendation adopted, 2021 WL 4776904 (E.D. Cal.

4   2021) (Plaintiff's allegations regarding deficient COVID policies and defendants' status as

5   supervisors was not sufficient to state a plausible claim under the Fourteenth Amendment.)

6   Accordingly, the undersigned recommends granting Defendants' motion to dismiss, with no

7   further opportunity to amend.

8                                2.        Discrimination

9             Equal protection claims under the Fourteenth Amendment arise when a charge is

10   made that similarly situated individuals are treated differently without a rational relationship to a

11   legitimate state purpose.  See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).

12   Prisoners are protected from invidious discrimination based on race.  See Wolff v. McDonnell,

13   418 U.S. 539, 556 (1974).  Racial segregation is unconstitutional within prisons save for the

14   necessities of prison security and discipline.  See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per

15   curiam).  Prisoners are also protected from intentional discrimination on the basis of their

16   religion.  See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997).  Equal protection claims are

17   not necessarily limited to racial and religious discrimination.  See Lee v. City of Los Angeles, 250

18   F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny to equal protection claim by a

19   disabled plaintiff because the disabled do not constitute a suspect class); see also Tatum v. Pliler,

20   2007 WL 1720165 (E.D. Cal. 2007) (applying minimal scrutiny to equal protection claim based

21   on denial of in-cell meals where no allegation of race-based discrimination was made); Harrison

22   v. Kernan, 971 F.3d 1069 (9th Cir. 2020) (applying intermediate scrutiny to claim of

23   discrimination on the basis of gender).

24             In order to state a § 1983 claim based on a violation of the Equal Protection Clause

25   of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional

26   discrimination against plaintiff, or against a class of inmates which included plaintiff, and that

27   such conduct did not relate to a legitimate penological purpose.  See Village of Willowbrook v.

28   Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class

1  of one"); <u>Reese v. Jefferson Sch. Dist. No. 14J</u>, 208 F.3d 736, 740 (9th Cir. 2000); <u>Barren v.

2  Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998); <u>Federal Deposit Ins. Corp. v. Henderson</u>, 940

3  F.2d 465, 471 (9th Cir. 1991); <u>Lowe v. City of Monrovia</u>, 775 F.2d 998, 1010 (9th Cir. 1985).

4          In their motion to dismiss, Defendants argue that Plaintiff fails to allege facts

5  showing that Defendants intentionally discriminated against Plaintiff, or that Plaintiff is a member

6  of a suspect class. <u>See</u> ECF No. 32-1, pg. 6.  Specifically, Defendants argue:

7               The absence of delineated claims or causes of action in the
               TAC makes it difficult to determine if Plaintiff has abandoned the
8               Equal Protection claim, or if he intends for the language in the TAC
               to apply to a claim under the Equal Protections clause. The TAC
9               narrative appears to be devoid of any reference to the "Equal
               Protection Clause," "discrimination," or "protected class."
10              …Plaintiffs' amended allegations are deficient under Rules 8 and
               12 of the Federal Rules of Civil Procedure; the Court should
11              dismiss Plaintiff's claim arising under the Equal Protection Clause
               of the Fourteenth Amendment, and without further leave to amend.
12
               ECF No. 32-1, pg. 7.
13

14          The Court finds Defendants' argument persuasive. In his TAC, Plaintiff alleges

15  that Defendant Singh delayed access to medical care because of Plaintiff's status an inmate. <u>See</u>

16  ECF. No 28, pg. 5. While it is true that prisoners can be members of a protected class by virtue of

17  their race, religion or other recognized protected status, the fact that Plaintiff is an inmate does

18  not itself qualify him as a member of a protected class. <u>See</u> <u>Pryor v. Brennan</u>, 914 F.2d 921, 923

19  (7th Cir.1990) (prisoners "do not constitute a suspect class"); <u>Moss v. Clark</u>, 886 F.2d 686, 690

20  (4th Cir.1989) ("The status of incarceration is neither an immutable characteristic, nor an

21  invidious basis of classification.").

22          Plaintiff fails to allege facts showing that he is a member of a protected class, *and*

23  that he is being discriminated against on that basis. To the contrary, Plaintiff states in his

24  complaint that all inmates consistently received the same level of medical care. <u>See</u> ECF No. 28,

25  pg. 5-6. Despite multiple opportunities to amend his complaint, Plaintiff continues to maintain an

26  Equal Protections claim based solely upon his status an inmate. <u>See</u> <u>id.</u>, pg. 5. As such, the

27  undersigned is convinced that any further leave to amend would be futile and the Equal Protection

28  claim against Defendant Jones should be dismissed without further leave to amend.

                                                    9

1

### C.    **Supervisory Liability**

2             Finally, Defendants argue that Plaintiff fails to allege sufficient facts to establish

3 the liability of Defendant Jones, who is the Sheriff.

4             Supervisory personnel are generally not liable under § 1983 for the actions of their

5 employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no

6 respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional

7 violations of subordinates if the supervisor participated in or directed the violations.  See id.  The

8 Supreme Court has rejected the notion that a supervisory defendant can be liable based on

9 knowledge and acquiescence in a subordinate's unconstitutional conduct because government

10 officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct

11 and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory

12 personnel who implement a policy so deficient that the policy itself is a repudiation of

13 constitutional rights and the moving force behind a constitutional violation may, however, be

14 liable even where such personnel do not overtly participate in the offensive act.  See Redman v.

15 Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

16             When a defendant holds a supervisory position, the causal link between such

17 defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v.

18 Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

19 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in

20 civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

21 Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the

22 official's own individual actions, has violated the constitution."  Iqbal, 662 U.S. at 676.

23             Defendants argue that Plaintiff fails to allege a causal connection between

24 Defendant Jones' conduct and a cognizable constitutional violation to support a claim of

25 supervisory liability. According to Defendants:

26             Even assuming the truth of the bare allegations in the TAC,

27 Plaintiff does not allege that Defendant Jones personally participated in a policy to maintain "unsanitary" jail conditions at RCCC and fails to allege that Defendant Jones personally

28 participated in a policy to spread Covid-19 from the main jail to

RCCC. Plaintiff alleges no facts that Sheriff Jones was personally involved, knew of, or refused to interject himself in the actions of Sheriff's Department personnel in a way that caused the infringement of Plaintiff's constitutional rights.

ECF No 32-1, pg. 8.

The Court agrees. In his TAC, Plaintiff contends that it is "Mr. Jones professional responsibility" to know about the issues facing inmates at RCCC. ECF No. 28, pg. 3.  However, Plaintiff fails to allege facts that causally link Defendant Jones to the alleged constitutional violation, or demonstrate a custom, policy, or practice implemented by the Defendant Jones that was the moving force behind the claimed constitutional violation. Plaintiff himself admits that other "sheriffs" and "pod officers" were responsible for housing assignments and inmate transfers. See id., pg. 4-5. To the extent that Plaintiff is asserting a claim against Defendant Jones based upon a theory of respondeat superior liability, such a claim is not cognizable in a federal civil rights action under § 1983. Furthermore, Plaintiff's statement that Defendant Jones failed to train inmates and staff on COVID-19 procedures is too vague and conclusory to establish a supervisory liability claim. Accordingly, the undersigned recommends granting Defendants' motion to dismiss Plaintiff's supervisory liability claim against Defendant Jones, with leave to amend.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

### III.  CONCLUSION

2           Based on the foregoing, the Undersigned recommends as follows:

3           1.      Defendants' unopposed motion to dismiss, ECF No. 32, be GRANTED.

4           2.      This action be dismissed for failure to state a claim.

5           These findings and recommendations are submitted to the United States District

6 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days

7 after being served with these findings and recommendations, any party may file written

8 objections with the court. Responses to objections shall be filed within 14 days after service of

9 objections. Failure to file objections within the specified time may waive the right to appeal. See

10 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11

12 Dated:  July 14, 2023

13                                                        _____
                                                          DENNIS M. COTA
14                                                        UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          12